FILED
CLERK, U.S DISTRICT COURT

JUL - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                               DE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRIAN BROWN,

           Petitioner,

        v.

V.M. ALMAGER, Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 07-0619-AHS (JTL)

ORDER ADOPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Final Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.  Having made a de novo determination of those portions of the Report and Recommendation to which objection has been made, the Court concurs with and adopts the findings, conclusions and recommendations set forth in the Final Report and Recommendation of the Magistrate Judge.

      IT IS ORDERED that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: _JUL - 7 2008_

_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

1

2



3

4

5

6

7

8          # UNITED STATES DISTRICT COURT

9          # CENTRAL DISTRICT OF CALIFORNIA

10

11   BRIAN BROWN,                    )    Case No. EDCV 07-0619-AHS (JTL)
                                      )
12                 Petitioner,       )    FINAL REPORT AND RECOMMENDATION
                                      )    OF   UNITED   STATES   MAGISTRATE
13          v.                        )    JUDGE
                                      )
14   V.M. ALMAGER, Warden,           )
                                      )
15                 Respondent.        )
     _____ )

16

17          The Court submits this Final Report and Recommendation to the Honorable Alicemarie

18   H. Stotler, United States District Judge, pursuant to 28 U.S.C. Section 636 and General Order

19   05-07 of the United States District Court for the Central District of California.

20

21                                   **PROCEEDINGS**

22          On May 23, 2007, Brian Brown ("Petitioner"), a prisoner in state custody, filed a Petition

23   for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition"). On August 7, 2007,

24   V.M. Almager ("Respondent") filed an Answer to the Petition ("Answer").  Petitioner filed a

25   Traverse to the Answer ("Traverse") on August 29, 2007.

26          On January 28, 2008, the Court issued a Report and Recommendation, recommending

27   that the district court dismiss the Petition with prejudice.  Thereafter, on February 21, 2008,

28   Petitioner filed his Objections to the Report and Recommendation ("Objections").

**BACKGROUND**

On November 10, 2004, in Riverside County Superior Court case number RIF103566, a jury convicted Petitioner of possession of cocaine base for sale (Cal. Health & Safety Code § 11351.5). (Petition at 2; 1 Clerk's Transcript ["CT"] at 215; 1 Reporter's Transcript ["RT"] at 262).[1] On February 16, 2005, in a bifurcated proceeding, the trial court sentenced Petitioner to state prison for a term of eleven (11) years, imposing the middle term of four years for possession of cocaine base for sale, an additional six years under an enhancement for prior felony drug convictions (Cal. Health & Safety Code § 11370.2(a)), and a one-year enhancement for having served a prior prison term (Cal. Penal Code § 667.5(b)). (See Petition at 2; 1 RT at 44, 269; 3 RT at 783; 2 CT at 396, 401).

Petitioner appealed his conviction to the California Court of Appeal.[2] (Respondent's Lodgment Nos. 3-5). On May 15, 2006, the court of appeal affirmed Petitioner's conviction in an unpublished opinion. (Respondent's Lodgment No. 6).[3] Petitioner then filed a petition for review in the California Supreme Court. (Respondent's Lodgment No. 7). The California Supreme Court denied the petition for review on August 2, 2006. (Respondent's Lodgment No. 8).

On September 21, 2006, Petitioner filed a petition for writ of habeas corpus in the Riverside County Superior Court. (Respondent's Lodgment No. 9). On November 14, 2006, the Riverside County Superior Court denied the habeas petition. (Respondent's Lodgment No. 10).

///

---

[1] The Clerk's Transcript and Reporter's Transcript are designated as Lodged Documents 1 and 2, respectively, in the documents lodged by Respondent.

[2] Petitioner was tried consecutively, to separate juries, in Riverside County Superior Court case numbers RIF103566 and RIF117032. Petitioner was convicted in both cases and appealed both convictions in the California Court of Appeal. Petitioner challenges his conviction in Riverside County Superior Court case number RIF117032 in another pending federal habeas corpus petition in this Court, in case number EDCV 07-0950-AHS (JTL).

[3] The only claims that Petitioner raised in the court of appeal were related to his domestic violence conviction, case number RIF117032.

1        On December 18, 2006, Petitioner filed a petition for writ of habeas corpus in the

2   California Court of Appeal. (Respondent's Lodgment No. 11).  On December 28, 2006, the

3   court of appeals denied the habeas petition without comment or citation to authority.

4   (Respondent's Lodgment No. 12).

5        Petitioner subsequently filed a petition for review of the lower courts' denials of his

6   habeas petitions in the California Supreme Court. (See Respondent's Lodgment No. 13). On

7   March 14, 2007, the California Supreme Court denied the petition for review without comment

8   or citation to authority. (Respondent's Lodgment No. 14).

9        On February 26, 2007, Petitioner filed a petition for writ of habeas corpus in the

10  California Supreme Court. (Respondent's Lodgment No. 15). On April 11, 2007, the California

11  Supreme Court denied the habeas petition without comment or citation to authority.

12  (Respondent's Lodgment No. 16).

13       Petitioner filed the instant Petition on May 23, 2007.

14

15                 **SUMMARY OF THE EVIDENCE PRESENTED AT TRIAL**

16       Petitioner does not contest the sufficiency of the evidence to support his conviction. The

17  Court, therefore, takes the following factual summary from the California Court of Appeal's May

18  15, 2006 Opinion:

19       *On May 7, 2002, Riverside police officers, while on patrol, noticed a vehicle with no front*

20  *license plate and objects hanging from the rearview mirror, and made a traffic stop of the*

21  *vehicle. [Petitioner] was in the front passenger seat.[4]  During the traffic stop, the officers*

22  *learned that [Petitioner] had an outstanding misdemeanor domestic violence warrant, and they*

23  *arrested him on the warrant.  During the booking process, [Petitioner] disclosed that he had*

24  *over $1700 in his pocket.*

25       *At the jail, while [Petitioner] was being strip searched, he told the intake officer, "I have*

26  *something," and he produced a plastic bag from the back of his underwear.  The bag contained*

27  _____

28     [4] Petitioner was not wearing his seatbelt when the vehicle was stopped. (See 1 RT at 76).

1  *approximately 11 smaller bags of what appeared to be rock cocaine.  One of the bags was*

2  *tested and found to contain 10.96 grams of cocaine base; all of the bags were of the same size*

3  *and appeared similar. [Petitioner] told the officers that he sold multiple ounces of rock cocaine.*

4  (Respondent's Lodgment No. 6, Court of Appeal Opinion at 2-3).

6  ## PETITIONER'S CLAIMS

7  1.    Trial counsel provided ineffective assistance in failing to investigate and raise the

8  issue that Petitioner's arrest was based on an erroneous outstanding warrant.

9  2.    Petitioner's rights under the Fourth and Fourteenth Amendments were violated

10  because Petitioner was illegally arrested, and later convicted, pursuant to an invalid arrest

11  warrant.

12  3.    Appellate counsel provided ineffective assistance in failing to raise claims of

13  ineffective assistance of trial counsel and an illegal arrest pursuant to an invalid arrest warrant.

15  ## STANDARD OF REVIEW

16  The Antiterrorism and Effective Death Penalty Act of 1996 ("Act") governs the Court's

17  consideration of Petitioner's cognizable federal claims.  Title 28, United States Code, Section

18  2254(d), as amended by the Act, states:

19  > An application for a writ of habeas corpus on behalf of a person in

20  > custody pursuant to the judgment of a State court shall not be

21  > granted with respect to any claim that was adjudicated on the

22  > merits in State court proceedings unless the adjudication of the

23  > claim – (1) resulted in a decision that was contrary to, or involved

24  > an unreasonable application of, clearly established Federal law, as

25  > determined by the Supreme Court of the United States; or (2)

26  > resulted in a decision that was based on an unreasonable

27  > determination of the facts in light of the evidence presented in the

28  > State court proceeding.

1    In Williams v. Taylor, 529 U.S. 362, 405-06 (2000), the United States Supreme Court

2    held that a state court's decision can be contrary to federal law either 1) if it fails to apply the

3    correct controlling authority, or 2) if it applies the controlling authority to a case involving facts

4    materially indistinguishable from those in a controlling case, but nonetheless reaches a

5    different result. A state court's decision can involve an unreasonable application of federal law

6    if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a

7    way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal

8    principle to a new context in a way that is objectively unreasonable. Williams, 529 U.S. at 407-

9    08. The Supreme Court has admonished courts against equating the term "unreasonable

10   application" with "clear error": "These two standards . . . are not the same. The gloss of clear

11   error fails to give proper deference to state courts by conflating error (even clear error) with

12   unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Instead, in this context,

13   habeas relief may be issued only if the state court unreasonably applied firmly established

14   federal law. Id.

15   In this case, no California court has issued a reasoned decision regarding Petitioner's

16   claims, which he presented to the state courts on collateral review. (See Respondent's

17   Lodgment Nos. 9, 11, 13, 15). The Riverside County Superior Court, the California Court of

18   Appeal and the California Supreme Court issued silent denials of Petitioner's current claims

19   for relief. (See Respondent's Lodgment Nos. 10, 12, 14, 15). Because the state courts'

20   denials provide no reasoning, the Court must independently review the record to determine

21   whether their denials of Petitioner's claims were contrary to, or resulted in an unreasonable

22   application of, firmly established federal law, as determined by the United States Supreme

23   Court. Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000) (stating that courts give less

24   deference where state court issues silent denial and requiring federal court to conduct

25   independent review).

26   ///

27   ///

28   ///

1

**DISCUSSION**[5]

2  I.  **PETITIONER'S FOURTH AMENDMENT CLAIM IS NOT COGNIZABLE ON FEDERAL**

3  **HABEAS**

4  In Claim Two, Petitioner contends that his rights under the Fourth and Fourteenth

5  Amendments were violated because his arrest, and later conviction, was based on an invalid

6  arrest warrant. According to Petitioner, the drugs discovered on his person during the booking

7  search at the jail were the product of an illegal arrest and, thus, should have been suppressed

8  as a matter of law and could not be used in determining his guilt at trial. (See Petition, "Ground

9  No. 2"; Traverse, Memorandum of Points and Authorities at 2-4). Cf. United States v. Crews,

10  445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to

11  subsequent prosecution, nor as a defense to a valid conviction"); Gerstein v. Pugh, 420 U.S.

12  103, 119 (1975) (standing alone, "illegal arrest or detention does not void a subsequent

13  conviction"). As discussed below, this claim is not cognizable on federal habeas review.

14  To the extent Petitioner raises Claim Two as a separate claim for relief, the claim fails

15  because Fourth Amendment claims are not cognizable on federal habeas review. See Stone

16  v. Powell, 428 U.S. 465, 481-82 (1976); Jeffries v. Duncan, 1998 U.S. Dist. LEXIS 14263, at

17  *14 n.2 (N.D. Cal. 1998). A state prisoner may not invoke a Fourth Amendment claim on

18  federal habeas review if he had the opportunity for a "full and fair" consideration of the claim

19  in state court.[6] Stone, 428 U.S. at 494. "The relevant inquiry is whether petitioner had the

20  opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was

21  correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). California

22  provides criminal defendants with a full and fair opportunity to litigate Fourth Amendment

23  claims through the procedures of California Penal Code Section 1538.5. Section 1538.5

24  permits a defendant to move to suppress evidence on the ground that it was obtained in

25  violation of the Fourth Amendment. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir.

26

27  [5]  Petitioner's claims are not addressed in the same order as set forth in the Petition.

28  [6]  California follows the same rule in state habeas corpus proceedings. See, e.g., In re Clark, 5
Cal. 4th 750 (1993); In re Sterling, 63 Cal. 2d 486 (1965).

1   1990); see also Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933

2   (1983); Mack v. Cupp, 564 F.2d 898, 901 (9th Cir. 1977).

3        In Claim Two, Petitioner appears to argue that he was denied a full and fair opportunity

4   to litigate his Fourth Amendment claims due to the ineffective assistance of trial and appellate

5   counsel.[7]  In fact, Petitioner told the trial court before he was sentenced that he had asked his

6   attorney on numerous occasions to file a motion to suppress pursuant to section 1538.5.  (3

7   RT at 778-80).  The fact that Petitioner's counsel made a decision not to file a motion to

8   suppress does not establish that Petitioner did not have a full and fair opportunity to litigate his

9   Fourth Amendment claim.

10       Claim Two, therefore, does not warrant federal habeas relief.

11

12  **II.   PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS DO NOT**

13  **WARRANT HABEAS RELIEF**

14       In Claims One and Three, Petitioner alleges that (1) trial counsel provided ineffective

15  assistance in failing to investigate and raise the issue that Petitioner's arrest was based on an

16  erroneous outstanding warrant and (2) appellate counsel provided ineffective assistance in

17  failing to raise claims of ineffective assistance of trial counsel and an illegal arrest pursuant to

18  an invalid arrest warrant.[8]

19  _____

20       [7] In Petitioner's Memorandum of Points and Authorities in Support of his Traverse, Petitioner
    states that the only remedy for his denial of a full and fair opportunity to litigate his Fourth
21  Amendment claims is for the Court to hold an evidentiary hearing so that Petitioner may develop the
    factual bases for his claims.  (Traverse, Memorandum of Points and Authorities at 5-6).  The Court
22  addresses Petitioner's request for an evidentiary hearing, infra, in Section III.

23       [8] In Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986), the United States Supreme Court
    held that the rule barring federal habeas review of Fourth Amendment claims where the state has
24  provided an opportunity for a full and fair hearing does not apply to Sixth Amendment claims of
    ineffective assistance of counsel. See id. ("[W]e reject petitioners' argument that Stone's restriction
25  on federal habeas review of Fourth Amendment claims should be extended to Sixth Amendment
    ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation
26  with respect to a Fourth Amendment issue.  Where a State obtains a criminal conviction in a trial in
    which the accused is deprived of the effective assistance of counsel, the 'State . . .
27  unconstitutionally deprives the defendant of his liberty.'").  Accordingly, claims for ineffective
28  assistance of counsel on Fourth Amendment issues may provide a basis for a habeas action.
                                                                              (continued...)

1    **A.    Claim One**

2        In Claim One, Petitioner contends that trial counsel provided ineffective assistance by

3    failing to investigate and argue, before or during trial, that Petitioner's arrest was based on an

4    erroneous outstanding warrant.  (Petition, "Ground No. 1").  As discussed below, this claim

5    lacks merit.

6        **1.    Legal Standard**

7        Review of Petitioner's ineffective assistance of counsel claims involves a two-step

8    analysis.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, Petitioner must prove

9    that his attorney's representation fell below an objective standard of reasonableness.  Id. at

10   687.  Second, Petitioner must show that he was prejudiced by counsel's deficient performance.

11   Id.  Petitioner must prove both elements.  Id.  The Court may reject his claims upon finding

12   either that counsel's performance was reasonable or that the claimed error was not prejudicial.

13   Id. at 697.

14       Moreover, courts generally maintain a "strong presumption that counsel's conduct falls

15   within the wide range of reasonable professional assistance."  Id. at 689.  Indeed, the Supreme

16   Court dictates that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id.

17   In order to show that his counsel's performance was objectively unreasonable, Petitioner must

18   overcome the strong presumption that the challenged action might be considered sound trial

19   strategy under the circumstances.  Id.  A reasonable tactical decision by counsel with which the

20   defendant disagrees cannot form a basis for an ineffective assistance of counsel claim.  See

21   Strickland, 466 U.S. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984) (per curiam).

22   The Court does not consider whether another lawyer with the benefit of hindsight would have

23

24       [8](...continued)
25   Jeffries, 1998 U.S. Dist. LEXIS 14263 at *14 n.2.

26       Thus, to the extent that Petitioner has alleged in Claims One and Three that he was denied
     ineffective assistance of trial and appellate counsel in connection with his Fourth Amendment claim,
27   Stone, 428 U.S. 485, is not applicable, and the Court addresses those claims separately on the
     merits.  However, Petitioner's Fourth Amendment claim in Claim Two does not become cognizable
28   on federal habeas merely because Petitioner contends that counsel was ineffective in pursuing the
     claim.

1  acted differently than Petitioner's trial counsel. Strickland, 466 U.S. at 689. Instead, the Court
2  looks only to whether Petitioner's trial counsel made errors so serious that counsel failed to
3  function as guaranteed by the Sixth Amendment. Id. at 687. In conducting this analysis, the
4  Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct
5  the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
6  perspective at the time." Id. at 689.

7       Assuming that Petitioner can show that his defense counsel's performance was
8  unreasonable, the Court must determine whether counsel's performance prejudiced Petitioner.
9  Id. at 694. A petitioner can prove prejudice by demonstrating that a "reasonable probability"
10  exists that his counsel's error adversely affected the result of the trial. Id. ("The defendant must
11  show that there is a reasonable probability that, but for counsel's unprofessional errors, the
12  result of the proceeding would have been different.").

13       As used in this context, a "reasonable probability" does not require a petitioner to show
14  by a preponderance of the evidence that the jury would have returned a more favorable verdict.
15  Jennings v. Woodford, 290 F.3d 1006, 1016 (9th Cir. 2002) ("A reasonable probability does not
16  mean that we must determine that the jury more likely than not would have returned a verdict
17  for something beside first degree murder. . . ."). Rather, the Supreme Court defines "a
18  reasonable probability" as a "probability sufficient to undermine confidence in the verdict."
19  Strickland, 466 U.S. at 694.

20       Where the allegation of ineffectiveness is defense counsel's failure to litigate a Fourth
21  Amendment claim, Petitioner must also demonstrate actual prejudice by showing that his
22  Fourth Amendment Claim is meritorious, and that there is a reasonable probability that the
23  verdict would have been different absent the excludable evidence. Kimmelman, 477 U.S. at
24  375; see also id. at 381-82; Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th Cir. 2003).
25  Failure to file a motion to suppress does not constitute inadequate performance if the motion
26  would have been futile. See James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Lowry v. Lewis, 21
27  F.3d 344, 346 (9th Cir. 1994) (failure to file suppression motion not ineffective assistance

28

where no reasonable possibility motion would have succeeded); see also Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile action can never be deficient performance).

In order for a warrant to be issued, a magistrate must find that, after consideration of the totality of the circumstances, probable cause exists to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). To establish a meritorious Fourth Amendment claim, a petitioner must show that the warrant was, in fact, invalid. If the warrant is determined to be invalid, petitioner must then show that the evidence that was obtained would have been suppressed. Evidence obtained pursuant to an invalid warrant, in violation of the Fourth Amendment, may result in the suppression of that evidence under the exclusionary rule. See Mapp v. Ohio, 367 U.S. 643 (1960).

In United States v. Leon, 468 U.S. 897 (1983), however, the United States Supreme Court established that suppressing evidence is not always the inevitable consequence of a search which is later to be found illegal. United States v. Savoca, 761 F.2d 292, 295 (6th Cir. 1985). A search conducted using a facially valid warrant, which is subsequently found to be invalid, may be upheld if the search is found to have been conducted in objective good faith. See Leon, 468 U.S. at 922. The good faith inquiry under Leon is "confined to the objectively ascertainable question [of] whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n.23.

In Leon, the Supreme Court identified three situations in which the good faith exception does not apply and suppression remains an appropriate remedy: (1) where the magistrate or judge issuing the warrant was misled by knowing or reckless falsities in the affidavit, id. at 923 (citing Franks v. Delaware, 438 U.S. 154 (1978)); (2) where the issuing magistrate wholly abandons his judicial role, id. (citing Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979)); and (3) where the information contained in the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Id. (citing Brown v. Illinois, 442 U.S. 590, 610-11 (1975)); see also United States v. Navanda, 502 F.3d 1130, 1136 (9th Cir. 2007). In the third situation, the test for reasonable reliance is whether the affidavit was

10

1   sufficient to "create disagreement among thoughtful and competent judges as to the existence

2   of probable cause." United States v. Hove, 848 F.2d 137, 139 (9th Cir. 1988) (citing Leon, 468

3   U.S. at 926).

4          **2.   Analysis**

5          In this case, a Misdemeanor Complaint & Notice to Appear was filed in Riverside County

6   Superior Court case number RIM418286, on March 8, 2002.  The complaint alleged that

7   Petitioner violated California Penal Code section 273.6(a)[9], in that Petitioner intentionally and

8   knowingly violated a protective order as defined in section 6218 of the Family Code and an

9   order obtained pursuant to California Code of Civil Procedure sections 527.6 and 527.8.[10]

10  Petitioner was ordered to appear for arraignment on the criminal charges on March 28, 2002

11  _____

12      [9] California Penal Code Section 273.6(a) provides:

13              Any intentional and knowing violation of a protective order, as defined
                in Section 6218 of the Family Code, or of an order issued pursuant to
14              Section 527.6 or 527.8 of the Code of Civil Procedure, or Section
                15657.03 of the Welfare and Institutions Code, is a misdemeanor
15              punishable by a fine of not more than one thousand dollars ($1,000), or
                by imprisonment in a county jail for not more than one year, or by both
16              that fine and imprisonment.

17  California Code of Civil Procedure Section 527.6 provides, in relevant part:

18              (a) A person who has suffered harassment as defined in subdivision
                (b) may seek a temporary restraining order and an injunction prohibiting
19              harassment as provided in this section.

20  California Code of Civil Procedure Section 527.8 provides, in relevant part:

21              (a) Any employer, whose employee has suffered unlawful violence or a
22              credible threat of violence from any individual, that can reasonably be
                construed to be carried out or to have been carried out at the workplace,
23              may seek a temporary restraining order and an injunction on behalf of
                the employee and, at the discretion of the court, any number of other
24              employees at the workplace, and, if appropriate, other employees at
                other workplaces of the employer.

25

26      [10] The Misdemeanor Complaint & Notice to Appear was mailed to Petitioner on March 7, 2002,
    the date the complaint was signed. (See Respondent's Lodgment No. 11, Court of Appeal Habeas
27  Corpus Petition, Exh. 3, Misdemeanor Complaint & Notice to Appear; Respondent's Lodgment No.
    11, Court of Appeal Habeas Corpus Petition, Exh. 1, Riverside County Superior Court Case Number
28  RIM418286 Case Print).

1    at the Hall of Justice in Riverside, California.  In the Complaint's caption, Petitioner's address

2    was listed as "1336 S. Perris, Perris, California 92570." (Respondent's Lodgment No. 11, Court

3    of Appeal Habeas Corpus Petition, Exh. 3, Misdemeanor Complaint & Notice to Appear).

4    Petitioner's true address at the time the complaint was filed, however, appears to have been

5    "1335 South Perris Boulevard," in Perris, California. (See id.; Respondent's Lodgment No. 11,

6    Court of Appeal Habeas Corpus Petition, Exh. 1, Riverside County Superior Court Case

7    Number RIM418286 Case Print;  Respondent's Lodgment No. 11, Court of Appeal Habeas

8    Corpus Petition, Exh. 5, California Department of Motor Vehicles Driver License/Identification

9    Card Information Request).

10          On March 28, 2002, the presiding judge at the scheduled arraignment issued a bench

11   warrant for Petitioner's failure to appear, and set bail at $5,000.00. (Respondent's Lodgment

12   No. 11, Court of Appeal Habeas Corpus Petition, Exh. 1, Riverside County Superior Court Case

13   Number RIM418286 Case Print).  On the same date, the presiding judge signed a Declaration

14   in Support of Arrest Warrant, indicating that a warrant was issued and bail was set at

15   $5,000.00.[11] In the Declaration in Support of Arrest Warrant, Deputy Dean Baer declared that

16   he investigated Petitioner's violation of California Penal Code section 273.6(a), violation of a

17   domestic violence protective order. Deputy Baer stated that he would testify that the violation

18   occurred on February 7, 2002 and that a valid domestic violence court order was in effect,

19   restraining Petitioner from annoying Oneika Collins, Petitioner's ex-girlfriend with whom

20   Petitioner had children, or from being within 100 yards of her residence.  (Respondent's

21   Lodgment No. 11, Court of Appeal Habeas Corpus Petition, Exh. 2).[12]

_____

23   [11] The Declaration in Support of Arrest Warrant was signed by Deputy Baer on February 7, 2002, but was not filed until March 8, 2002.

24   [12] The Declaration in Support of Arrest Warrant lists Petitioner's address as "1355 Perris
25   Boulevard" in Perris, California. (Respondent's Lodgment No. 11, Court of Appeal Habeas Corpus
     Petition, Filed December 18, 2006, Exh. 2).  As previously stated, Petitioner's true address at the
26   time appears to have been "1335 South Perris Boulevard" in Perris, California. (See also Petition,
     "Ground No. 1").

27
             In support of his argument that he never received notice of the arraignment, and therefore
28   the arrest warrant was erroneously issued, Petitioner cites to California Penal Code Section 813(c),
                                                                                              (continued...)

Petitioner argues that the arrest warrant was erroneously issued because (1) there was no valid restraining order in effect at the time it was issued and (2) the Misdemeanor Complaint & Notice to Appear at the March 28, 2002 arraignment was mailed to the wrong address. Specifically, Petitioner asserts that, by stating that a valid restraining order existed, Deputy Baer used false and misleading statements within the Declaration in Support of Arrest Warrant to persuade the court to issue the arrest warrant. Petitioner further asserts that he was not at fault for his failure to appear at the arraignment because he never received the Notice.[13] Consequently, because Petitioner's arrest on May 7, 2002 was based on this erroneously issued warrant, the drugs discovered during the booking search at the jail were inadmissible

---

[12](...continued)
which provides, in relevant part:

> If a defendant has been properly served with a summons and thereafter fails to appear at the designated time and place, a bench warrant for arrest shall issue. In the absence of proof of actual receipt of the summons by the defendant, a failure to appear shall not be used in any future proceeding.

The Court notes that Petitioner was charged with a misdemeanor violation of California Penal Code Section 273.6 in Riverside County Superior Court case number RIM418286. California Penal Code Section 813, however, applies to felony complaints:

> When a complaint is filed with a magistrate charging a felony originally triable in the superior court of the county in which he or she sits, if, and only if, the magistrate is satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, the magistrate shall issue a warrant for the arrest of the defendant, except that, upon the request of the prosecutor, a summons instead of an arrest warrant shall be issued.

Cal. Penal Code § 813(a) (emphasis added).

[13] Petitioner argues for the first time in his Memorandum of Points and Authorities in Support of his Traverse, that under Federal Rules of Civil Procedure 4, a summons can be issued in lieu of an arrest warrant after a determination and examination of facts to find probable cause. Petitioner states that the Misdemeanor Complaint & Notice to Appear was issued on March 7, 2002, but was not filed until March 8, 2002. Thus, according to Petitioner, the notice was mailed prior to the magistrate's examination of whether probable cause existed, in violation of the Fourth Amendment. (Traverse, Memorandum of Points and Authorities at 4). Petitioner cannot properly assert additional grounds for relief in his Traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (district court need not consider habeas claim raised for the first time in traverse). Thus, the Court declines to address new arguments raised by Petitioner in his Traverse.

1    as evidence. (See Petition, "Ground No. 1"; Traverse, Memorandum of Points and Authorities
2    at 2-3).

3         Petitioner contends that trial counsel's failure to investigate the foregoing facts and move
4    to suppress the drugs as the fruits of an invalid arrest warrant constituted ineffective assistance
5    of counsel in violation of the Sixth Amendment.  He claims that a motion to suppress that
6    evidence would have succeeded and would have left no basis to support the charges against
7    him or his resulting conviction.  (See Petition, "Ground No. 1").

8         The record before the Court is silent as to what investigation trial counsel conducted
9    regarding the circumstances surrounding the arrest warrant and the reasons for trial counsel's
10   failure to challenge the search by means of a motion to suppress.  However, even assuming
11   that counsel failed to investigate the foregoing facts, Petitioner cannot show that he was
12   prejudiced by that deficiency because Petitioner cannot show that his Fourth Amendment claim
13   is meritorious.  As previously stated, to establish a meritorious Fourth Amendment claim, a
14   petitioner must not only show that the warrant was invalid, but also that the evidence obtained
15   pursuant to the warrant would have been suppressed.  Thus, even assuming that the arrest
16   warrant was invalid, because no valid restraining order was in effect at the time and/or because
17   Petitioner never received notice of the arraignment hearing, Petitioner must also show that the
18   drugs discovered during the booking search would have been suppressed due to the invalid
19   warrant.  Petitioner fails to make this showing for the reasons discussed below.

20        First, a search conducted pursuant to a facially valid warrant may be upheld if the search
21   is found to have been conducted in objective good faith, even if the warrant is subsequently
22   found to be invalid.  See Leon, 468 U.S. at 922.  Here, Petitioner does not contend that the
23   Riverside police officers who arrested him did not act in good faith or that they unreasonably
24   relied on the outstanding misdemeanor domestic violence warrant when they arrested him.[14]

25        Second, Petitioner fails to establish that his situation is one in which the good faith
26   exception does not apply.  In Leon, the United States Supreme Court held that suppression of

27

28        [14] In Claim Two, Petitioner further concedes that his arrest was the product of a good faith stop
     for a vehicle code violation.  (See Petition, "Ground No. 2").

1   evidence obtained pursuant to an invalid warrant is appropriate where "the magistrate or judge

2   in issuing a warrant was misled by information in an affidavit that the affiant knew was false or

3   would have known was false except for his reckless disregard of the truth." Leon, 468 U.S. at

4   923. In such a situation, the warrant is invalidated under Franks, 438 U.S. 154, and the fruits

5   of the search excluded. See Leon, 468 U.S. at 923; Franks, 438 U.S. at 156.  In this case,

6   Petitioner argues that Deputy Baer intentionally made false statements in the declaration in

7   support of the arrest warrant. (See Petition, "Ground No. 1"; Traverse, Memorandum of Points

8   and Authorities at 5). Thus, Petitioner argues that the search the officers conducted was illegal

9   because the underlying warrant was issued based upon Deputy Baer's false statements.

10   Leon, 468 U.S. at 923 (citing Franks, 438 U.S. 154).

11        For a warrant to be invalidated under Franks, however, a defendant must prove by a

12   preponderance of the evidence that the affiant knowingly and intentionally included false

13   information, or did so with a reckless disregard for the truth. See Franks, 438 U.S. at 155-56,

14   169, 171.  If the defendant establishes by a preponderance of the evidence that, with the

15   warrant affidavit's false material set aside, the remaining content is insufficient to establish

16   probable cause, the search warrant must be voided and the fruits of the search excluded to the

17   same extent as if probable cause was lacking on the face of the affidavit. Id. at 156, 172.

18        Here, Petitioner contends that Deputy Baer committed perjury by making a sworn

19   declaration stating that Petitioner violated a valid restraining order. However, even if there was

20   no valid restraining order in effect at the time Deputy Baer made the Declaration in Support of

21   Arrest Warrant, Petitioner also fails to carry his burden under Franks.  Petitioner's mere

22   statements that Deputy Baer committed perjury and "intentionally lied to procure a warrant" do

23   not prove by a preponderance of the evidence that Deputy Baer knowingly and intentionally

24   included false information, or did so with a reckless disregard for the truth. See id. at 155-56,

25   169, 171. Thus, because Petitioner has not shown that Deputy Baer's declaration contained

26   deliberate falsehoods, Petitioner has not demonstrated a reasonable probability that the trial

27   court would have voided the arrest warrant and suppressed the drugs if trial counsel had

28   challenged the warrant under Franks.  Consequently, Petitioner was not prejudiced by trial

1   counsel's failure to challenge the warrant on such grounds, and there is no basis for an

2   ineffective assistance of counsel claim.[15]   See James, 24 F.3d at 27; Lowry, 21 F.3d at 346.

---

[15]  The trial court's statements prior to sentencing further support the conclusion that trial counsel's performance did not fall below an objective standard of reasonableness. On November 3, 2004, the trial court granted Petitioner's oral request that the court hold a Marsden hearing regarding Petitioner's conflicts with trial counsel. (1 CT at 132). See People v. Marsden, 2 Cal. 3d 118 (1970). The trial court denied plaintiff's motion to substitute counsel, and ordered the transcript of the hearing to be sealed. (1 CT at 132; see 1 RT at 26-43).  Petitioner raised the issue of conflicts with his trial counsel again on February 16, 2005, immediately prior to sentencing. Petitioner stated the following:

> I was deprived the basic right [to effective representation of counsel]. As a result, my rights were compromised before and during trial, which is a violation of due process.
>
> Before trial, I had a Marsden hearing briefly stating my conflicts with counsel. I realize now that the way I presented my issues and conflicts weren't formed properly for the record. I would like to formally state that I received ineffective assistance of counsel in both trials. And if I would have received effective representation of counsel in both trials, it is very reasonable to assume the outcome would have been different.
>
> Starting with my domestic violence case, when I asked counsel to file a discovery motion, counsel ignored my request.
>
> . . . As to Case No. RIF103566, I received ineffective representation because I asked counsel on more than one occasion to file a Motion to Suppress, a 1538.5 the currency and Miranda statements [sic], because currency was given back to me and because Miranda statements were without audio, video, or signed waiver.  It was allegedly hearsay, which is a due process violation . . .

(3 RT at 778-80).  The trial court responded:

> [Petitioner], the crux of your argument, or at least the greatest emphasis seems to be you feel you received ineffective assistance of counsel. And you and I had a similar conversation before either of the trials began. I told you what I thought of your attorney here. I'll reiterate what I said. You could not buy an attorney out there in the private sector who would have provided you any better representation than you received here.
>
> In my estimation, Mr. Petersen is one of the two best trial lawyers in his office over there, and I am absolutely satisfied that you got the best you can get for free in this legal community.  And, in fact, I don't remember which case it was, but in one case the jury was out substantially longer deliberating than I personally thought they would be. He obviously gave them something to think about.

(continued...)

1      Based on the foregoing, the state courts' dismissal of Claim One was not contrary to or

2  an unreasonable application of clearly established federal law.  28 U.S.C. § 2245(d)(2).

3      The Court, therefore, rejects Claim One.[16]

4    **B.**    **Claim Three**

5      In Claim Three, Petitioner claims that appellate counsel provided ineffective assistance

6  in failing to raise claims of ineffective assistance of trial counsel and an illegal arrest pursuant

7  to an invalid arrest warrant, which Petitioner raises in Claims One and Two.  (Petition, "Ground

---

[15](...continued)

> But, in my opinion, the evidence in both of these cases was absolutely
> overwhelming.  Forget about reasonable doubt.  It's as close as you
> could come to no doubt.  The only issue in either of these cases is
> whether the jury believed the victim suffered in the domestic violence
> case qualified as great bodily injury or not.  But the evidence does
> support the jury's finding that it did.

(3 RT at 780-81).

[16] Petitioner raises several arguments for the first time in his Objections.  Petitioner argues that had trial counsel moved to suppress the drugs recovered during the booking search, it is reasonably probable that the motion would have resulted in a viable defense, or alternative defense being utilized.  (Objections at 2).  According to Petitioner, trial counsel's failure to file a motion to suppress the drugs "resulted in a withdrawal of a crucial and/or potentially meritorious defense."  (See id. at 3).  Alternatively, Petitioner argues that, because of trial counsel's failure to present a stronger defense, the prosecution's case was not subjected to meaningful adversarial testing and, thus, the outcome of the trial is unreliable.  (Id. at 2-3).  Petitioner further contends that: (1) he received ineffective assistance of trial counsel with respect to the legality of the search and misrepresentation with regard to sentencing; (2) trial counsel and the deputy district attorney misrepresented Petitioner's maximum sentence during sentencing; (3) trial counsel failed to ensure that Petitioner's fundamental rights were protected, either by trial counsel or the trial court; (4) the trial court assisted trial counsel in perpetrating, unwittingly or seemingly unwittingly, an intentional misrepresentation; (5) Petitioner had a meritorious defense and demanded a jury trial, which was denied based on the foregoing; and (6) Petitioner, therefore, required his day in court.  (Id. at 3).

The Court declines to address the new arguments raised by Petitioner in his Objections.  See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the time in a party's objection to a magistrate judge's recommendation."); Lynch v. Schriro, 2007 U.S. Dist. LEXIS 20135, at *14-15 (D. Ariz. 2007) (declining to exercise discretion to consider arguments that could have been included in petition to magistrate judge); Gerardo v. Scribner, 2007 U.S. Dist. LEXIS 10192, at *3-4 (S.D. Cal. 2007) ("Although [p]etitioner is a pro se litigant against whom rules of procedure are not always strictly enforced, the court finds that these the new arguments do not raise 'a relatively novel claim under a relatively new statute' warranting consideration of the new arguments.") (citing Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002)).  The Court notes, however, that Petitioner's newly asserted arguments are both conclusory and vague.

No. 3"). But, as discussed above, the Court has found no merit in these underlying claims. Accordingly, Petitioner's ineffective assistance of appellate counsel claims fail as well.

### 1. Legal Standard

The Court reviews Petitioner's ineffective assistance of appellate counsel claims under the same two-prong <u>Strickland</u> standard that governs ineffective assistance of trial counsel claims. <u>See</u> <u>Pollard v. White</u>, 119 F.3d 1430, 1435-37 (9th Cir. 1997) (stating that <u>Strickland</u> standard applies to ineffective assistance of appellate counsel claims); <u>see also</u> <u>Bailey v. Newland</u>, 263 F.3d 1022, 1028 (9th Cir. 2001) ("We review claims of ineffective assistance of appellate counsel according to the standard set out in <u>Strickland v. Washington</u>.") (<u>quoting</u> <u>Miller v. Keeney</u>, 882 F.2d 1428, 1433 (9th Cir. 1989)). In order to show the requisite prejudice in an appellate counsel claim, Petitioner must show that, but for appellate counsel's failure to raise a claim, a reasonable probability exists that Petitioner would have prevailed on appeal. <u>See</u> <u>Pollard</u>, 119 F.3d at 1435-37; <u>Miller</u>, 882 F.2d at 1434-35 (9th Cir. 1989) ("[Petitioner] must show that counsel's advice fell below an objective standard of reasonableness... and that there is a reasonable probability that, but for counsel's unprofessional errors, [petitioner] would have prevailed on appeal."). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

Moreover, the Court applies a stronger presumption that appellate counsel's conduct fell within the wide range of reasonable professional assistance. This is so because appellate counsel has wider discretion than trial counsel in weeding out weaker issues. <u>See</u> <u>Miller</u>, 882 F.2d at 1434. Doing so is widely recognized as one of the hallmarks of effective appellate assistance. <u>See</u> <u>id.</u> Throwing in every arguable issue would do a disservice to the client, because it would detract an appellate judge's attention from stronger issues and reduce appellate counsel's credibility before the appellate court. <u>See</u> <u>id.</u> Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by a petitioner. <u>See</u> <u>id.</u> at 1434 n.10 (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751-54 (1983)).

The Ninth Circuit has explained:

In many instances, appellate counsel will fail to raise an issue

18

because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. . . . For these reasons, a lawyer who throws in every arguable point – 'just in case' – is likely to serve her client less effectively than one who concentrates solely on the strong arguments.  Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason – because she declined to raise a weak issue.

Miller, 882 F.2d at 1434 (internal footnote and citations omitted).

### 2.   Analysis

Petitioner contends that he notified appellate counsel that the arrest warrant in Riverside County Superior Court case number RIM418286 was erroneously issued, but appellate counsel failed to assert on direct appeal the Fourth Amendment issues Petitioner now raises in Claims One and Two.

On March 22, 2006, Petitioner's appellate counsel wrote a letter to Petitioner discussing Petitioner's Fourth Amendment claims.  In the letter, appellate counsel stated:

Appellate Defenders, Inc. has asked me to respond to your March 10, 2006, letter claiming that because there was no restraining order in effect on March 8, 2002, in action RIM418286, the arrest warrant was invalid.  You claim that because the arrest warrant was invalid, although never recalled, your arrest was invalid and therefore the booking search in which the drugs were found on your person was unlawful and the drugs should have been suppressed.  Therefore, you believe that you received ineffective assistance of counsel and want me to file a petition for writ of habeas corpus on that theory.

I have reviewed the Riverside court records online and find that there is no ground for a petition for writ of habeas corpus for two reasons: (1) you pled guilty to the charges in RIM418286 on May 6, 2004, and (2) the booking search was reasonable; even if the arrest warrant was invalid, the officers reasonably relied on the fact that it was issued and outstanding, and reasonably believed that it was a valid arrest warrant when they arrested you.

As to the first ground, that you pled guilty, you are probably correct that there was no restraining order in effect on March 8, 2002, and the Declaration in Support of Arrest Warrant incorrectly stated that one was in effect. As of October 8, 2002, Oneika Collins stated in the probation report that her restraining order expired on February 14, 2001, so it was not in effect on February 7, 2002, the date of the offense.

That, however, is not dispositive because on May 6, 2004, you pled guilty and on February 16, 2005, you were sentenced to 180 days in county jail.[17]  A guilty plea admits every element of the

---

[17]  The October 8, 2002 probation report and the transcript of the May 6, 2004 hearing are not included within the records before the Court. However, the fact that Petitioner pleaded guilty to violating the restraining order is referenced in the transcript of the June 15, 2004 preliminary hearing in Riverside County Superior Court case number RIF117032. At the June 15, 2004 hearing, Oneika Collins testified that she had an active restraining order against Petitioner on February 7, 2002. (See 1 CT at 46). The deputy district attorney questioning Collins noted to the Court that Petitioner had pleaded guilty to violating the restraining order on that date. (See 1 CT at 46-47).

Further, the district attorney filed a request for judicial notice that:

> [Petitioner] was charged in a misdemeanor complaint filed on or about March 8, 2002 as case number RIM 418286 with a violation of Penal

(continued...)

charged offense and constitutes a conviction (citations omitted[18]).
Therefore, had you gone to trial you could have proved that there
was no restraining order in effect, but because you pled guilty, you
admitted that there was a restraining order in effect.  You cannot
disavow that admission.

As to the second point, both ADI and I have written to you several
times on this issue and you can refer to that prior correspondence
about why reasonable reliance on an outstanding arrest warrant
precludes any claim that the booking search was unreasonable.

(Respondent's Lodgment No. 11, Court of Appeal Habeas Corpus Petition, Exh. 6, Letter from
Petitioner's Appellate Counsel, William Flenniken, Jr.).

---

[17](...continued)
Code Section 273.6(a), violation of restraining order, from an incident
involving Oneika Collins on or about February 7, 2002. [Petitioner] pled
guilty to that charge on May 6, 2004.

(1 CT at 262-62). On November 29, 2004, trial counsel objected to the trial court taking notice of the
Petitioner's guilty pleas, as listed in the district attorney's request for judicial notice, such that they
would be admitted into evidence and heard by the jury.  The trial court declined the request to take
judicial notice of the guilty pleas.  (3 RT at 458).

[18] Appellate counsel cited to several California cases in support of his statement that a guilty plea
admits every element of a charged offense and constitutes a conviction.  The Court notes that
federal law on the subject is much the same.  See, e.g., United States v. Broce, 488 U.S. 563, 569
(1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements
necessary to sustain a binding, final judgment of guilt and a lawful sentence."); Tollett v. Henderson,
411 U.S. 258, 267 (1973) (stating that once a defendant pleads guilty, he may only attack the
voluntary and intelligent character of that plea); United States v. Cazares, 121 F.3d 1241, 1246 (9th
Cir. 1997) ("It has long been settled that a guilty plea is an admission of all the elements of a formal
criminal charge." (citations and quotations omitted)); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th
Cir. 1985) ("As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge
may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional
violations.  A defendant may only attack the 'voluntary and intelligent character of the guilty plea'. . ."
(internal citations omitted)); Montoy v. Merkle, 1992 U.S. Dist. LEXIS 11420, at *3-4 (N.D. Cal.
1992) (finding petitioner's claim of ineffective assistance of appellate counsel for failure to raise
Fourth Amendment issue not cognizable because, "[w]hen a criminal defendant has solemnly
admitted in open court that he is in fact guilty of the offense with which he is charged[,] he may not
thereafter raise independent claims relating to the deprivation of constitutional rights which occurred
prior to the entry of the guilty plea.").

Based on appellate counsel's letter to Petitioner, and for the reasons stated above, the Court concludes that appellate counsel reasonably assessed potential appellate issues and properly determined that these issues did not have a reasonable likelihood of succeeding on appeal.[19]  Thus, the state courts' denials of Petitioner's ineffective assistance of appellate counsel claim were a reasonable application of clearly established federal law.

The Court, therefore, rejects Claim Three.

## III.   PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing. (Traverse, Memorandum of Points and Authorities at 5-6). As set forth above, Petitioner's claims can be resolved solely by reference to the record and an evidentiary hearing is unnecessary. See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998) (no evidentiary hearing required where lack of prejudice is apparent from the record); Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir. 1995) (no evidentiary hearing required where petitioner fails to make out a colorable claim of ineffective assistance in light of the record).

Accordingly, Petitioner's request for an evidentiary hearing is denied.

## RECOMMENDATION

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) approving and adopting this Final Report and Recommendation; and (2) directing that

///

_____

[19]  In his Objections, Petitioner asserts that, although he wished to have a full hearing on the merits before a jury, trial counsel continuously told Petitioner that "a judge or a jury would never believe his defense; only after repeated delays of the trial proceedings and after constant and insistent pressures and promises were made to Petitioner by his trial attorney and others did Petitioner capitulate to the demands of his trial attorney and agree to asset to the purported prearrangement whereby Petitioner would plead guilty and be granted leniency." (Objections at 5). According to Petitioner, he pleaded guilty because his "free will and judgment" were "overcome by certain untrue representations" made by trial counsel and the trial court. (Id.). However, that Petitioner pleaded guilty is not determinative.  For the reasons stated supra Section II.A.2, Petitioner's assertions regarding his guilty plea do not affect the Court's recommendation that the Petition be dismissed with prejudice.

22

1  Judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action

2  with prejudice.

3  DATED: February 26, 2008

4                                              JENNIFER T. LUM
                                               UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28